**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Anyelo M.,

        Petitioner,

v.

Todd Blanche, *Attorney General*;
Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David J. Venturella*, Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Eric Tollefson, *Kandiyohi County Sheriff's Office*;

        Respondents.

File No. 26-CV-3174 (JMB/DTS)

**ORDER**

---

Katherine Rollins, MacDonald Hoague & Bayless, Minneapolis, MN, for Petitioner Anyelo M.

David W. Fuller and Worthington Phillips, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanchie, Markwayne Mullin, David J. Venturella, and David Easterwood.

---

This matter is before the Court on Petitioner Anyelo M.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names as Respondents Todd Blanche, Markwayne Mullin, David. J. Venturella, David

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Easterwood, and Eric Tollefson (Respondents). Respondent Eric Tollefson has not appeared. For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1.     Anyelo M. is a 26-year-old citizen of Guatemala and resident of Milbank, Grant County, South Dakota. (Pet. ¶¶ 8, 14.)

2.     Anyelo M. lives with his romantic partner and her family, and he is a primary financial provider for the family. (*Id.* ¶ 16.)

3.     Anyelo M. has lived in the United States since 2023. (*Id.* ¶ 14.)

4.     Anyelo M. has no criminal history. (Doc. No. 8-3 at 3.)

5.     Anyelo M. does not have a final order of removal. (Pet. ¶ 15.)

6.     On June 23, 2026, Anyelo M. was pulled over by the Milbank Police Department for an alleged issue with his vehicle's window tint. (Pet. ¶ 18.) Immigration and Customs Enforcement (ICE) agents appeared during the traffic stop, arrested Anyelo M., and placed him in a vehicle.

7.     Anyelo M. was not provided with a warrant prior to or during his arrest by ICE. (*Id.* ¶ 20.)

8.     At some point, on June 23, 2026, Anyelo M. was provided with a Form I-200 administrative warrant, which was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 8-2.) Thus, Respondents arrested Anyelo M. pursuant to their discretionary authority under 8 U.S.C. § 1226.

9.     Also on that same day, Respondents issued a Notice to Appear (NTA), Form I-862.  (Doc. No. 8 ¶ 6; Doc. No. 8-1.)

10.     Anyelo M. remains detained in the Kandiyohi County Jail in Willmar, Minnesota.  (Pet. ¶ 8.)

11.     Anyelo M. is scheduled to appear before an immigration judge in his removal proceedings on July 6, 2026.  (Doc. No. 8-1 at 1.)

12.     On July 2, 2026, Anyelo M. filed his Petition.  (*See* Pet.)

13.     On July 2, 2026, the Court ordered Respondents to file a response to the Petition by or before 11:00 a.m. on July 6, 2026.  (Doc. No. 3.)

14.     Respondents timely filed a Response.  (Doc. No. 7.)

15.     Tollefson has not appeared.

## DISCUSSION

In his Petition, Anyelo M. seeks immediate release, arguing that his detention violates the Immigration and Nationality Act, the Fourth Amendment, the Due Process Clause of the Fifth Amendment, the Administrative Procedures Act, and applicable federal regulations.  For their part, Respondents argue that Anyelo M. is subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  For the reasons set forth below, the Court grants the Petition.

### A.     Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C.

§ 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B.     Actual Basis for Arrest and Detention**

It is an undisputed matter of fact that Respondents arrested Anyelo M. pursuant to their discretionary authority under 8 U.S.C. § 1226. The Form I-200 administrative warrant was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 8-2.) In response to the Petition, however, Respondents advance a different basis for the arrest and detention of Anyelo M.: 8 U.S.C. § 1225(b)(2)(A), as interpreted by *Avila v. Bondi*, 170 F.4th 1128, 1133–35 (8th Cir. 2026) (concluding that section 1225(b)(2) requires the mandatory detention non-citizens, without any individualized determination and regardless of whether the non-citizen is encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry).

4

This Court concludes that Respondents cannot now change the basis for the arrest of Anyelo M.  He was arrested under section 1226 alone, and Respondents advance no legal argument to support the proposition that they can alter this fact through filing of their written responsive submissions.  Thus, just as it is stated in the Form I-200 on which the arrest and detention is based, the Court concludes that Respondents have detained Anyelo M. pursuant to the framework of 8 U.S.C. § 1226.  *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where Form I-200 warrant served during petitioner's arrest represented that detention was pursuant to section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (same); *see also Espinoza-Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at *1–3 (D. Neb. May 19, 2026).

### C.   Invalidity of Warrant

Having determined that Respondents have detained Anyelo M. pursuant to section 1226, the Court next considers whether Anyelo M. was brought into custody pursuant to a valid warrant or pursuant to an authorized warrantless arrest.  For the reasons discussed below, the Court concludes he was not.

Pursuant to 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, a [non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States."  8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section

1226(a)." (quotation omitted)). A Form I-200 is an administrative arrest warrant which authorizes a non-citizen's arrest if it is issued "*[a]t the time of issuance* of the [NTA], *or at any time thereafter* and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b) (emphasis added). Putting both rules together, DHS may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time or after DHS issues an NTA. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1).

In this case, Respondents did not follow this sequence. The record presented fails to show that Respondents created or issued the NTA before the Form I-200 warrant. A timestamp indicates that the NTA was signed on June 23, 2026 at 6:43 PM. (Doc. No. 8-1 at 1.) However, Respondents do not provide a timestamp on the Form I-200 warrant. Absent any person with knowledge stating the sequence or a timestamp on both the warrant and the NTA,[2] the Court must conclude that the Form I-200 warrant was plainly invalid under 8 C.F.R. § 236.1(d), and Anyelo M.'s arrest was effected without a required warrant.

Because Anyelo M.'s arrest was pursuant to an invalid warrant and therefore unlawful, immediate release is the appropriate remedy. *See Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927–28, (S.D. Iowa 2026) (concluding ICE had no authority to arrest petitioner relying on Form I-200 that issued before the NTA); *Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) (granting petition on grounds that detention under

---

[2] Respondents submit the Declaration of Xiong Lee Deportation Officer. (*See* Doc. No. 8.) However, Lee does not attest to having personal knowledge of the facts and circumstances of Anyelo M.'s arrest (*see id.* ¶ 3 (stating that the statements are "based on [Lee's] personal and professional knowledge, [his] review of records and systems maintained by ICE in the regular course of business, and information provided by other [unidentified] agents and officers"). Thus it remains unknown when the warrant was issued.

section 1226(a) was unlawful where Form I-200 "was not issued until after [petitioner's] arrest and initial detention"); *see also, e.g.*, *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking following arrest in the field); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" for arrest effected in absence of valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (concluding DHS's detention of petitioner under section 1226(a) was unlawful because DHS arrested petitioner pursuant to a Form I-200 that was invalid by virtue of being issued prior to issuance of NTA); *Marinero v. Bondi*, No. 26-CV-1007 (JMG), 2026 WL 357653, at *1 (D. Minn. Feb. 9, 2026) ("[I]ssuing an administrative warrant after an arrest . . . isn't good enough to trigger § 1226(a).").

To the extent that Respondents alternatively seek to justify Anyelo M.'s arrest under the warrantless arrest provisions of 8 U.S.C. § 1357(a), the Court does not agree because the record presented cannot support the necessary finding of probable cause.

Section 1357 permits an immigration officer to "arrest any [non-citizen] in the United States" without a warrant "if he has reason to believe that [1] the [non-citizen] . . . is in the United States in violation of any such law or regulation *and* [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit has interpreted the term "reason to believe" in section 1357(a)(2) to "mean[] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). Here, the record presented contains no evidence to satisfy the

second prong.  Respondents argue that Anyelo M. was likely to escape because he "made no attempt for several years to seek authorization" and so he "could not be trusted to adhere to an order to report back to an immigration official or remain at the scene of the encounter while a warrant for his arrest is issued." (Doc. No. 7 at 16.)  However, Respondents do not provide any legal support for this novel argument, which would create a bright line rule stretching the plain meaning of the term "escape," and equating that term with the failure to take unspecified, affirmative actions concerning one's immigration or citizenship status. *E.g.*, *Quintana*, 623 F.3d at 1239.  In addition, the facts here are distinguishable from *Quintana*, where officers had reason to believe the non-citizen was likely to escape because they were unable to verify his identity, were unable to validate his claims of legal entry into the United States, and where the non-citizen was suspected of a criminal drug-trafficking offense.  *Id.* at 1240–41.  Here, the record shows that Anyelo M. was forthcoming and honest with ICE agents about his immigration status (*see* Doc. No. 8-3 at 2), and that Anyelo M. had no criminal history (*id.* at 3).  Further, it is clear from the Form I-213, which notes that a supervisory detention and deportation officer "issued an I-200," that officers did not believe they were undertaking a warrantless arrest, and they did not make any mention of any fear of Anyelo M.'s likelihood of escape.  (*See* Doc. No. 8-3 at 2.)  In fact, the Form I-213 notes that Anyelo M. was arrested "without incident."  (*Id.*)

Thus, Anyelo M.'s detention was unlawful and he is entitled to release.[3]

---

[3] Although the Court need not address the question of whether Anyelo M.'s detention without bond violates the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in Anyelo M.'s favor.  Anyelo M. has a significant private interest at stake (i.e., his liberty, his detention in a carceral

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Anyelo M. <u>immediately</u> in Minnesota, and in any event no later than 4:00 p.m. CT on July 7, 2026.

2. On or before 11:00 a.m. CT on July 8, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Anyelo M.

3. On or before 11:00 a.m. CT on July 8, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Anyelo M. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

---

setting, and his separation from his partner and family); the risk of erroneous deprivation through incarceration is needlessly high when inexpensive procedures such as a bond hearing protect against erroneous deprivations of liberty and separation of families; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community.  Thus, Anyelo M.'s ongoing detention is also unlawful for this reason as well.  *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

5.      To the extent Petitioner Anyelo M. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 6, 2026                                            /s/ *Jeffrey M. Bryan*
                                                                       Judge Jeffrey M. Bryan
                                                                       United States District Court